[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT RICHARD WILLIAMS' MOTIONTO REARGUE (#115) MOTION TO DISMISS[1]
The defendant Richard Williams' Motion To Dismiss filed pursuant to Connecticut Rules of Court § 204B and referred to the undersigned for ruling therein is DENIED.
The clerical error (really a typographical error) is apparent and obvious. It does not affect the underlying decision. Despite the memorandum (#425) reciting 1995, such inadvertent "typo" cannot change the facts. The sheriff's return controls; not what the CT Page 2196 memorandum says. Such clerical error does not warrant an opportunity for the defendant to reargue.
The defendant's Motion To Reargue mistakenly says that Sheriff Healey's return recites two different abode services on two different dates. A simple reading of Sheriff Healey's return shows there was ONLY ONE abode service on Richard Williams on April 8, 1992. Misconstruing the facts does not entitle the defendant an opportunity to reargue.
The defendant argues in his Motion To Reargue many contentions that were outside the hearing held on the defendant's Motion To Dismiss (#115). Failure to present his case fully or adequately when given an opportunity to do so in the first instance does not provide the defendant Richard Williams with an opportunity to reargue.
The said Motion To Reargue is DENIED.
John W. Moran Judge